IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA<br><br>  Plaintiff,<br><br>v.<br><br>SHAWN STILL,<br><br>  Defendant. | CRIMINAL CASE NO.<br><br>_____<br><br>(Removed from the Superior Court of Fulton County, Criminal Action File No. 23SC188947) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1442(a) and 1455, Defendant Shawn Still hereby removes this action from the Superior Court of Fulton County to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is proper under 28 U.S.C. § 1442, because the prosecution of Mr. Still is based on his attendance at a *single* meeting on December 14, 2020, in his capacity as a contingent Unites States presidential elector. In that role, Mr. Still was, or was acting under, an officer of the United States. Furthermore, he possesses federal defenses to the charges brought against him in the Indictment (attached hereto as Exhibit A), requiring the construction of federal law. Therefore, removal is not only proper but required under 28 U.S.C. §§ 1442(a) and 1455.

I.    BACKGROUND

Shawn Still—serving since January 2023 as state senator for Georgia's 48th district—is not a career politician. Rather, he is a small business owner, employing hundreds of Georgians. For the past twenty years, Mr. Still has worked at—and now owns and operates—his family's pool construction company in the Atlanta area. He also owns a small rafting company and, from 2015 to 2018, served as the President and Founder of the Georgia Coalition for Job Creation, a non-partisan organization with a mission to help create jobs and broaden economic opportunities for Georgians. Nevertheless, the State indicted Mr. Still for attending a *single* meeting, on a *single* day, during which he followed advice of counsel and politicians who have been at it way longer than he has.

On March 4, 2020, the State Executive Committee of the Georgia Republican Party nominated Mr. Still as one of the sixteen Georgia presidential electors. The next day, the Georgia Republican Party certified to the Secretary of State that Mr. Still and the other fifteen Georgians were the Republican nominees for presidential electors. Indeed, the Georgia Election Code requires the election of presidential electors every four years (*i.e.*, when a presidential election occurs). O.C.G.A. § 21-2-10. Generally, each party will nominate its own electors, and the party whose presidential candidate wins the popular vote will have its electors meet and cast

2

ballots for its candidate.

Per the United States Constitution, federal statute, and state statute, Georgia's presidential electors must meet at noon on the first Monday after the second Wednesday in December of each presidential election year to fulfill their duties as presidential electors. U.S. Const. art. II, sec. 1 ("The Congress may determine the Time of ch[oo]sing the electors, and the Day on which they shall give their Votes; which Day shall be the same throughout the United States."); 3 U.S.C. §§ 7, 8;[1] O.C.G.A. § 21-2-11. The electors' specific duties include the duties to meet in their respective states, vote by ballot, make a list of all persons voted for, sign and certify that list, and transmit the list sealed to Congress, directed to the Vice President of the United States Senate/Vice President of the United States. U.S. Const. art. II, sec. 1, cl. 3; U.S. Const. amend. XII. For the 2020 general election, the date on which the electors were obligated to perform their duties was December 14, 2020.

The general election was held on November 3, 2020. On November 20, 2020, Georgia Secretary of State Brad Raffensperger certified the general election results which showed that then-candidate Joe Biden had won the popular vote for president

---

[1] The current version of 3 U.S.C. § 7, which became effective on December 29, 2022, provides that presidential electors "meet and give their votes on the first *Tuesday* after the second Wednesday in December." 3 U.S.C. § 7 (emphasis added). However, the version in effect at the time of the 2020 general election required the presidential electors to meet and vote on the first *Monday* after the second Wednesday in December. 3 U.S.C. § 7 (enacted June 25, 1948).

in Georgia. That same day, President Donald Trump demanded a recount. On December 4, 2020, he and David Shafer—another presidential elector nominee—filed their "Verified Petition to Contest Georgia's Presidential Election Results for Violations of the Constitution and Laws of the State of Georgia, and Request for Emergency Declaratory and Injunctive Relief" in the Superior Court of Fulton County. *See Trump et. al. v. Raffensperger et. al.*, Case No. 2020CV343255 (the "Georgia Election Challenge").

Pursuant to the legal advice Mr. Shafer received from counsel, Mr. Shafer, Mr. Still, and the other contingent Republican presidential nominees met at the Georgia State Capitol building on December 14, 2020. Mr. Shafer called the meeting to order and explained to the contingent electors—including Mr. Still—that President Trump had filed an election challenge to the certified election result, which remained pending in court. (*See* Transcript of December 14, 2020, Elector Meeting, p. 4 (attached hereto as Exhibit B).)[2] Mr. Shafer further explained that "in order to preserve President Trump's rights in the pending contest, it was important that the contingent Presidential Electors meet that day and cast their votes." (*See id.*) During the meeting, an attorney, who the meeting transcript and Mr. Shafer identified as "a

---

[2] Notably, the December 14, 2020, elector meeting was transcribed by Anne Hansen of AHReporting, LLC, a Georgia-certified court reporter. (Ex. B at pp. 14–15.)

lawyer for President Trump," explained the purpose of the meeting to Mr. Still and the other contingent electors, stating:

> [W]e're conducting this because the contest of the election in Georgia is ongoing. And so we continue to contest the election of the electors in Georgia. And so we're going to conduct this in accordance with the Constitution of the United States, and we're going to conduct the electorate today similar to what happened in 1960 in Hawaii.

(*Id.* at pp. 3, 8.)[3] Mr. Shafer then told the contingent electors that "if we did not hold this meeting, then our election contest would effectively be abandoned." (*Id*. at p. 9.) President Trump's attorney confirmed that Mr. Shafer's statement was accurate. (*Id*.) Mr. Shafer further explained that "the only way for us to have any judge consider the merits of our complaint, the thousands of people we alleged voted unlawfully, is for us to have this meeting and permit the contest to continue; is that not correct?" (*Id*.) The attorney once again confirmed the accuracy of Mr. Shafer's statement. (*Id*.) Per the attorney's advice and under the belief that the contingent vote was necessary to preserve the right to lawfully contest the election, Mr. Still cast a contingent ballot in his capacity as a contingent presidential elector. Mr. Still also opened the door for the media upon the beginning of the meeting. (Deposition

---

[3] In the 1960 presidential election, Richard Nixon's certified electors and John F. Kennedy's uncertified elector nominees from Hawaii cast ballots for their respective candidates and submitted those ballots to Congress. After Kennedy prevailed in the judicial election contest, the Governor of Hawaii certified the votes of Kennedy's electors, and Congress counted those votes. (*See* Shafer's Notice at pp. 8–9.)

of Shawn Still before the January 6th Commission, p. 42 ("[M]y one glorious role was opening the door for the media and letting them all in.") (attached hereto as Exhibit C).)

On August 14, 2023, the State indicted Mr. Still in the Superior Court of Fulton County, No. 23SC188947, charging him in eight counts of the 41-count and 98-page Indictment. Specifically, the State charged Mr. Still in the following counts:

- Count 1: Violation of the Georgia RICO Act, O.C.G.A. § 16-14-4(c);
- Count 8: Impersonating a Public Officer, O.C.G.A. §§ 16-4-8, 16-10-23;
- Count 10: Forgery in the First Degree, O.C.G.A. § 16-9-1(b);
- Count 12: False Statements and Writings, O.C.G.A. § 16-10-20;
- Count 14: Criminal Attempt to Commit Filing False Documents, O.C.G.A. §§ 16-4-1, 16-10-20.1(b)(1);
- Count 16: Forgery in the First Degree, O.C.G.A. § 16-9-1(b); and
- Count 18: False Statements and Writings, O.C.G.A. § 16-10-20.

(Ex. A, pp. 14, 77, 79–82.)

Although the Indictment charges Mr. Still with eight separate counts, the factual allegations related to Mr. Still that allegedly tie him to the "criminal enterprise" only relate to his attendance at the December 14, 2020, meeting in which

he served as a contingent presidential elector and cast his ballot as directed by Mr. Shafer and legal counsel. (*See id.* at pp. 41–43, 77, 79–82.)

## II.    BASIS FOR REMOVAL

The federal officer removal statute permits removal of any "criminal prosecution that is commenced in a State court" against "any officer (*or any person acting under that officer*) of the United States" in "an official capacity or individual capacity, *for or relating to any act under color of such offic*e." 28 U.S.C. § 1442 (emphasis added). The removal statute is mandatory. *City of Norfolk v. McFarland*, 143 F. Supp. 587, 589 (E.D. Va. 1956).

To qualify for federal officer removal, a defendant must show that (1) the "defendant is a person within the meaning of the statute who acted under a federal officer," (2) he "performed the actions for which [he] is being sued under the color of federal office," and (3) he raises a "colorable federal defense." *Caver v. Cent. Ala. Elec. Coop.*, 845 F.3d 1135, 1142 (11th Cir. 2017) (citations omitted). The notice of removal must contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1455(a).

### A.    Mr. Still Was Acting as a Federal Officer or, at Minimum, Was Acting Under an Officer of the United States

Mr. Still satisfies the first requirement for federal officer removal because at the December 14, 2020, contingent elector meeting—the sole basis for the

prosecution against Mr. Still—Mr. Still was acting, or was acting under, an officer of the United States. As described in more detail in Mr. Shafer's Notice of Removal dated August 21, 2023, ("Shafer's Notice") relevant parts of which are incorporated herein by reference,[4] the United States Constitution sets forth a presidential elector's authority, role, and duties. U.S. Const. art. II, sec. 1, cl. 3; U.S. Const. amend. XII; (*see* Shafer's Notice at p. 17.) Indeed, the Constitution directs presidential electors to meet, vote, make a list of all persons voted for, sign and certify the list, and transmit the list sealed to Congress, which is directed to the Vice President of the United States Senate/Vice President of the United States. U.S. Const. art. II, sec. 1, cl. 3. Furthermore, Congress has imposed additional duties on presidential electors. *See* 3 U.S.C. §§ 7, 9, 10. That is, the role of presidential elector is a federal one— created and directed by the United States Constitution and Congress.  Thus, Mr. Still, acting as a presidential elector, was a federal officer.

Even if the Court were to find that Mr. Still did not act as a federal officer in his role as a presidential elector, Mr. Still would still satisfy the first requirement for federal officer removal because he—at minimum—was acting under officers of the United States. Under Section 1442, federal courts broadly construe the term "acting

---

[4] Section II.A of Shafer's Notice and all authorities contained therein are hereby adopted and incorporated into this Notice of Removal as though fully set forth herein.

under", interpreting it to mean "an effort to assist, or to help carry out, the duties or tasks of the federal superior." (*See* Shafer's Notice at p. 18 (citing *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 147 (2007))). Section 1442 encompasses "literally thousands of persons," including some individuals that "otherwise would have little or no appearance of official authority." (*Id*. at p. 19 (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 820 (1966))). As described above, presidential electors act pursuant to duties laid out in the United States Constitution and by Congress. Further, the presidential electors' role necessarily "help[s] carry out[] the duties or tasks of the federal superior," because it is elector ballots that the Senate opens, the tellers count, and that ultimately dictate who the President of the Senate declares President and Vice President of the United States. (*Id*. at pp. 18–21.)

Mr. Still, as a presidential elector, was also acting at the direction of the incumbent President of the United States. The President's attorneys instructed Mr. Still and the other contingent electors that they had to meet and cast their ballots on December 14, 2020, in order to preserve the presidential election contest. (*See id.* at p. 19; Ex. B at pp. 8–9.)

B. **Mr. Still is Being Prosecuted for Acts Done When He Was Acting as a Federal Officer or, at Minimum, Was Acting Under an Officer of the United States**

Mr. Still satisfies the second requirement for federal officer removal because his role as a contingent presidential elector at the December 14, 2020, meeting is the sole basis for the State's charges against him. As explained in Section II.B of Shafer's Notice,[5] there is "a causal connection between" the duties of a presidential elector and the conduct charged in the Indictment. (*See* Shafer's Notice at pp. 21–22.) Specific to Mr. Still, he met and cast a vote in his capacity as a contingent presidential elector pursuant to advice from President Trump's attorney, and the Indictment charges him in eight counts for conduct related to that very same elector meeting and vote. Thus, a "connection" or "association" exists between "the act in question" (*i.e.*, meeting and casting a ballot) and "the federal office" (*i.e.*, the role of a presidential elector). (*See id.* at p. 21 (quoting *Caver*, 845 F.3d at 1144).)

C. **Mr. Still has Colorable Federal Defenses**

Finally, Mr. Still satisfies the third requirement for officer removal because he possesses colorable federal defenses to the State's charges against him. The colorable federal defense required under Section 1442 "need only be plausible; its

---

[5] Section II.B of Shafer's Notice is hereby adopted and incorporated into this Notice of Removal as though fully set forth herein.

ultimate validity is not to be determined at the time of removal." (*See id.* at p. 22 (quoting *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996)).) "Under the federal officer removal statute . . . the federal-question element is met if the defense depends on federal law." *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999).

Mr. Still generally possesses the same federal defenses outlined in detail in Mr. Shafer's Notice of Removal: (1) official immunity under the Supremacy Clause of the United States Constitution, (2) the Preemption Defense, (3) the Supremacy Clause defense, (4) Due Process protection, and (5) First Amendment protection. (*See* Shafer's Notice at pp. 22–30.)  Mr. Still adopts and incorporates Section II.C of Mr. Shafer's Notice and the authorities cited therein (*i.e.*, Mr. Shafer's federal defenses) and merely reiterates here the core principles pertinent to Mr. Still's defenses.[6]

First, Mr. Still has federal officer immunity to the charges against him in the Indictment.  The Indictment's eight counts against Mr. Still all relate to—and only relate to—his attendance and vote at the contingent elector meeting on December 14, 2020.  As explained in Section II.C.1 of Shafer's Notice, federal law specifically

---

[6] Note, however, that Mr. Still was *not* a party in the lawsuit former President Trump and Mr. Shafer filed.  Thus, the portions of Mr. Shafer's Notice relating to that lawsuit are inapplicable to Mr. Still.

authorizes a presidential elector to engage in such conduct, and Mr. Still did no more than necessary to fulfill his duties as a presidential elector.  Furthermore, Mr. Still subjectively believed his conduct was justified, and his conduct was objectively reasonable because he relied on legal counsel's specific and express advice that his conduct was constitutional, legal, and necessary.  Mr. Still also relied on legal counsel's interpretation of legal precedent.

Second, Mr. Still possesses preemption as a colorable federal defense to the State's charges.  Indeed, as set out in Mr. Shafer's Notice, the doctrines of structural preemption, field preemption, and conflict preemption all apply equally to Mr. Still as he was acting in his capacity as a contingent presidential elector in the 2020 United States presidential election for the conduct the Indictment charges.  (*See id.* at p. 24.)  Therefore, the state criminal laws in the Indictment are preempted as applied to Mr. Still.

Third, the Indictment, charging violations of state criminal laws, attempts to criminalize conduct which was taken pursuant to exclusive federal authority and specifically contemplated and permitted by the United States Constitution and federal law.  Indeed, Mr. Still's actions as a contingent presidential elector were within the authority of the federal government and, thus—under the Supremacy Clause—cannot be violations of state criminal law. (*See id.* at p. 25.)

Fourth, Mr. Still's Fifth Amendment and Fourteenth Amendment due process rights afford further protection for his conduct. Legal counsel specifically informed Mr. Still that his actions (*i.e.*, attending the elector meeting and casting a ballot) were not only constitutional and legal but also necessary to preserve the ability to lawfully challenge the election results through the proper channels (*i.e.*, the courts). Indeed, legal counsel advised Mr. Still that they were conducting the elector meeting and vote in accordance with legal precedent. Thus, Mr. Still did not have any notice or fair warning that his conduct in his capacity as a contingent presidential elector could violate the statutes under which the State has charged him. (*See id.* at pp. 26–28.)

Finally, the First Amendment protects Mr. Still's conduct. In his role as a presidential elector nominee for the 2020 presidential election, Mr. Still attended a meeting with other contingent electors and cast a ballot in accordance with the instructions from legal counsel. Such conduct clearly constitutes political expression, association, and expressive conduct protected by the First Amendment. (*See id.* at pp. 28–30.)[7]

---

[7] Even if the Court finds that Mr. Still is not entitled to removal under 28 U.S.C. §§ 1442 and 1455, only one defendant must be entitled to federal officer removal for the *entire* case to be removed to federal court. *See, e.g.*, *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980) (when a federal officer exercises his prerogative under 28 U.S.C. § 1442(a)(1) to remove an action "commenced against him in state court, the entire case against all defendants, federal and non-federal, is removed to federal court regardless of the wishes of his co-defendants") (citations omitted); *Georgia v. Heinze*, 637 F. Supp. 3d 1316, 1325 n.8 (N.D. Ga. 2022) ("It is well settled that if one claim cognizable under Section 1442 is present, the entire action is removed,

### III. This Notice Satisfies the Procedural Requirements of 28 U.S.C. § 1455

Mr. Still files this Notice consistent with the requirements of 28 U.S.C. § 1455 in this Court, the geographical jurisdiction that embraces the jurisdiction in which the Fulton County prosecution is pending. Mr. Still files this Notice prior to trial and no later than 30 days after his arraignment. *See* 28 U.S.C. § 1455(b)(1). Furthermore, this Notice sets forth Mr. Still's grounds for removal. *See* 28 U.S.C. § 1455(b)(2). Pursuant to 28 U.S.C. § 1455(a), this Notice is signed by counsel pursuant to Federal Rule of Civil Procedure 11. Finally, Mr. Still has attached the Indictment from the Fulton County prosecution, which is the sole process, pleading, or order to be served upon him in this action.

### CONCLUSION

For the foregoing reasons, this case is subject to removal pursuant to 28 U.S.C. §§ 1442(a) and 1455. Defendant Shawn Still respectfully requests that the Court:

(1) Promptly examine Mr. Still's Notice of Removal pursuant to 28 U.S.C. § 1455(b)(4);

(2) Order an evidentiary hearing to be held promptly pursuant to 28 U.S.C. § 1455(b)(5); and

---

regardless of the relationship between the Section 1442 claim and the non-removable claims."). Therefore, if the Court finds that federal officer removal is required as to *any* defendant in this case, the entire case must be removed.

(3)     Enter any orders as may be necessary to accomplish the removal of the prosecution.

Respectfully submitted this 24th day of August, 2023.

/s/ *Thomas D. Bever*
Thomas D. Bever
Georgia Bar No. 055874
W. Cole McFerren
Georgia Bar No. 409248
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, N.E.
Suite 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
tbever@sgrlaw.com
cmcferren@sgrlaw.com

*Counsel for Defendant Shawn Still*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHAWN STILL, ) <br> ) <br> Defendant. ) <br> ) | CRIMINAL CASE NO. <br> _____ <br><br> (Removed from the Superior Court of Fulton County, Criminal Action File No. 23SC188947) |

## **NOTICE OF REMOVAL**

I certify that a copy of the foregoing *Notice of Removal* (and its accompanying exhibits) was hereby filed on August 24, 2023 and served on the persons listed below by the methods indicated. I sign consistent with Federal Rule of Civil Procedure 11.

By email:

Fani Willis, Esq. Nathan J. Wade, Esq.
Fulton County District Attorney's
Office 136 Pryor Street SW, 3rd Floor
Atlanta GA 30303 fani.willisda@fultoncountyga.gov
nathanwade@lawyer.com

The Honorable Christopher M. Carr
Office of the Attorney General of
Georgia 40 Capitol Square, S.W.
Atlanta GA 30334 ccarr@law.ga.gov

I have also served this filing by email the counsel who to my knowledge are representing other defendants named in the underlying indictment.

Respectfully submitted this 24th day of August, 2023.

/s/ *Thomas D. Bever*
Thomas D. Bever
Georgia Bar No. 055874
W. Cole McFerren
Georgia Bar No. 409248
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, N.E.
Suite 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
tbever@sgrlaw.com
cmcferren@sgrlaw.com

*Counsel for Defendant Shawn Still*