IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **THE STATE OF GEORGIA**<br><br>**v.**<br><br>**SHAWN MICAH TRESHER STILL,**<br><br>   **Defendant.** | **CIVIL ACTION FILE**<br><br>**No. 1:23-CV-03792-SCJ**<br><br>**RE: NOTICE OF REMOVAL OF FULTON COUNTY SUPERIOR COURT INDICTMENT NO. 23SC188947** |

## ORDER

This matter appears before the Court following Defendant Shawn Micah Tresher Still's Notice of Removal with Criminal Indictment.[1] Doc. No. [1]. The Court enters this Order in accordance with 28 U.S.C. § 1455(b)'s requirements for the removal of state criminal prosecutions. The Court concludes that summary remand is not required based on the face of Still's Notice of Removal and schedules an evidentiary hearing as further specified in this Order.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

## I. BACKGROUND

Still is one of 19 Defendants named in the Indictment issued on August 14, 2023, in the Superior Court of Fulton County, Georgia in relation to Georgia's 2020 presidential election procedures. Doc. No. [1-1]. At the time of the conduct alleged, Still served as a presidential elector nominee for the Georgia Republican Party.[2] Doc. No. [1], 2. The Indictment's charges specifically relate to Still's attendance at a meeting of the presidential elector nominees representing the Republican Party on December 14, 2023, following the 2020 presidential election. Id. at 4. At this meeting, the presidential elector nominees (including Still) met and cast contingent ballots for President Donald J. Trump despite Georgia having certified that the Democratic candidate had won the election in the State. Id. at 4–5.

Based on this conduct, Indictment charges Still with a violation of Georgia's Racketeer Influenced and Corrupt Organizations Act (RICO), O.C.G.A. § 16-14-4(c). The overt acts alleged include impersonating a public officer, forgery in the first degree, and false statements and writings. See Doc. No.

---

[2] Still indicates that he had been nominated as a presidential elector under Georgia law. See O.C.G.A. § 21-2-1, et seq.

2

[1-1], 41–43 (Acts 79–85). The Indictment also charges Still with violations of Georgia criminal provisions for the same (i.e., impersonating a public officer, forgery in the first degree, and false statements and writings), as well as conspiracy to commit false statements and writings. Id. at 77–82 (Counts 8, 10, 12, 14, 16, 18, and 19).

On August 24, 2023, Still filed a Notice of Removal in this Court. Doc. No. [1]. Still asserts federal officer jurisdiction under 28 U.S.C. § 1442(a)(1).[3] Id. at 7–13. The Court now determines if summary remand is required under 28 U.S.C. § 1455(b)(4).

## II.   LEGAL STANDARD[4]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). One such jurisdictional statute provides

---

[3] Still incorporates many of the arguments made by one of his co-Defendants, David James Shafer, who was indicted for his actions as a presidential elector nominee and has filed a notice of removal in this Court. See Georgia v. David James Shafer, No. 1:23-cv-3720-SCJ (N.D. Ga.), ECF No. [1].

[4] The Court uses the same legal standards as it did in its previous summary remand orders for the other co-Defendants in the Indictment. See, e.g., Georgia v. Mark Randall Meadows, No. 1:23-cv-03621-SCJ (N.D. Ga.), ECF No. [6] (Summary Remand Order); Georgia v. Jeffrey Bossert Clark, No. 1:23-cv-03721-SCJ (N.D. Ga.), ECF No. [15] (same).

3

federal jurisdiction over "any officer (or any person acting under that officer) of the United States" for "any act under color of such office." 28 U.S.C. § 1442(a)(1). Federal officer removal "is an incident of federal supremacy and is designed to provide federal officials with a federal forum in which to raise defenses arising from their official duties." Florida v. Cohen, 887 F.2d 1451, 1453 (11th Cir. 1989) (citing Willingham v. Morgan, 395 U.S. 402, 405 (1969)). Section 1442(a)(1) removal requires "first, the case must be against any officer, agency, or agent of the United States for any act under color of such office; and second, the federal actor or agency being challenged must raise a colorable defense arising out of its duty to enforce federal law." Id. at 1453–54. "[R]egardless of whether the federal court would have had jurisdiction over the matter had it originated in federal court, once the statutory prerequisites to § 1442(a)(1) are satisfied, § 1442(a)(1) provides an independent jurisdictional basis." Id. at 1454.

28 U.S.C. § 1455 allows specifically for the removal of a state criminal prosecution under certain conditions. Procedurally, the notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier" and must contain "all grounds for such removal." 28 U.S.C. § 1455(b)(1)–(2). Upon receiving the notice of removal, the

4

federal district court must "examine the notice promptly" and determine if summary remand ought to be granted based on a clear lack of jurisdiction from "the face of the notice and any exhibits annexed thereto . . . ." Id. § 1455(b)(4). If summary remand is not ordered, then the district court must "promptly" hold an evidentiary hearing to determine "disposition of the prosecution as justice shall require." Id. § 1455(b)(5). Moreover, the filing of a notice of removal of a criminal prosecution under Section 1455 "shall not prevent the State court in which such prosecution is pending from proceeding further" even though a "judgment of conviction" cannot be entered until the prosecution is remanded. 28 U.S.C. § 1455(b)(3).

### III. ANALYSIS

Summary remand of Still's Notice of Removal is not required. The Court first determines that Still's Notice of Removal meets the procedural prerequisites of 28 U.S.C. § 1455(b)(1) and (2). He removed this criminal proceeding less than two-weeks after the Indictment was filed and before his arraignment, and thereby satisfies the timing requirements of Section 1455(b)(1). His notice of removal, moreover, contains his arguments regarding the basis for removal and federal jurisdiction as required of Section 1445(b)(2).

The Court must also assess if, based on the notice of removal and its exhibits, "it *clearly appears* . . . that removal should not be permitted." Id. § 1455(b)(4) (emphasis added). To complete this inquiry, the Court must look at the basis of federal jurisdiction asserted because "28 U.S.C. § 1455 'merely provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision.'" Maine v. Counts, No. 22-1841, 2023 WL 3167442, at *1 (1st Cir. Feb. 16, 2023) (quoting Kruebbe v. Beevers, 692 F. App'x 173, 176 (5th Cir. 2017)). When a removing party clearly fails to meet a requirement of the underlying basis for federal jurisdiction, then removal of the state criminal prosecution is not permitted. See, e.g., United States v. Raquinio, No. CV 23-00231 JMS-WRP, 2023 WL 3791638, at *2 (D. Haw. June 2, 2023) (rejecting removal under Section 1455 based on federal officer jurisdiction because the removing party failed to allege that he was a federal officer or agent); cf. also Hammond v. Georgia, No. 1:18-CV-5553-CAP-AJB, 2018 WL 10626009, at *2 (N.D. Ga. Dec. 21, 2018), report and recommendation adopted, No. 1:18-CV-5553-CAP, 2019 WL 8375921 (N.D. Ga. Jan. 16, 2019). Gilmore v. Glynn Cnty. Superior Ct., No. 2:18-CV-68,

2018 WL 6531685, at *2 (S.D. Ga. Dec. 12, 2018), report and recommendation adopted, No. 2:18-CV-68, 2019 WL 339629 (S.D. Ga. Jan. 28, 2019).

The Court concludes that Still's Notice of Removal and its attachments are sufficient to proceed to a hearing on the issue of removal. Still contends there is federal jurisdiction under the federal officer removal provision, 28 U.S.C. § 1442, as he was both personally a federal officer and was acting under the direction of federal officers. Section 1442 allows for federal jurisdiction when "the case [is] against any officer, agency, or agent of the United States for any act under color of such office" and that "the federal actor or agency being challenged [raises] a colorable defense arising out of its duty to enforce federal law." Cohen, 887 F.2d at 1453–54.

Still claims that he was himself a federal officer in his capacity as a presidential elector nominee. Doc. No. [1], 7–8. He alternatively submits that he was acting under federal officers (i.e., for various Senatorial functions and roles involving presidential electors and at the direction of President Trump's lawyers). Id. at 8–9. Still also states that he was acting in his capacity as a presidential elector nominee at the time of the Indictment's allegations and that

7

he will present several federal defenses, including preemption, Supremacy Clause immunity, and a First Amendment Petition's Clause defense. Id. at 10–13.

Consequently, Still's Notice of Removal and its attachments survive the Court's summary remand review under 28 U.S.C. § 1455(b)(4). The Court emphasizes that this Order offers no opinion on the Court's ultimate determination of its subject matter jurisdiction over this case or the viability of Still's federal defenses. Pursuant to 28 U.S.C. § 1455(b)(5), the Court will make its final determination on these matters once they have been completely argued and briefed and are ripe for the Court's full review. To reiterate, this Order's limited conclusion is that the Court, based solely on the face of the Notice of Removal and its attachments, does not clearly lack subject matter jurisdiction over Still's Notice of Removal. Thus, the Court will proceed with an evidentiary hearing pursuant to 28 U.S.C. § 1455(b)(5).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Still's Notice of Removal (Doc. No. [1]) and its attachments (e.g., the Indictment (Doc. No. [1-1])), do not clearly indicate that summary remand of this matter is required. No

opinion about whether removal will be permitted, or the merits of Still's federal defenses is being made at this time.

Pursuant to 28 U.S.C. § 1455(b)(5), the Court **ORDERS** that the Parties participate in an evidentiary hearing concerning the Notice of Removal of the Indictment against Shawn Micah Tresher Still on **Monday, September 18, 2023**, at **2:00 P.M.** at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia, in Courtroom 1907.

The Fulton County District Attorney's Office may submit a written response to Still's Notice of Removal no later than **Tuesday, September 5, 2023**. Any response submitted must not exceed **25 pages** in length.

In the interim, pursuant to 28 U.S.C. § 1455(b)(3), proceedings may continue in the Superior Court of Fulton County, Georgia.

IT IS SO ORDERED this 25th day of August, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE