# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA ) | |
| ) | CRIMINAL CASE NO. |
| Plaintiff, ) | |
| ) | 1:23-cv-03792-SCJ |
| v. ) | |
| ) | **(Removed from the Superior Court of Fulton County, Criminal Action File No. 23SC188947)** |
| SHAWN STILL ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION TO CONSOLIDATE EVIDENTIARY HEARINGS

Defendant Shawn Still, by and through undersigned counsel, moves to consolidate the evidentiary hearing on his Notice of Removal with the evidentiary hearing of co-Defendants and fellow contingent presidential electors, David Shafer and Cathy Latham, so that the evidentiary hearings for all three similarly situated defendants will be held in conjunction on the date and time presently set for Mr. Shafer and Ms. Latham's evidentiary hearing, which is September 20, 2023, at 9:30 a.m.  Counsel for Mr. Still has conferred with the counsel for both Mr. Shafer and Ms. Latham, and all counsel consent to this request to consolidate hearings.

## BACKGROUND

On August 14, 2023, the State indicted Mr. Still, Mr. Shafer, and Ms. Latham in the Superior Court of Fulton County, No. 23SC188947, for their conduct as presidential elector nominees. (*See* ECF No. 1, p. 2 (noting that the Indictment charges Mr. Still based on his conduct as a presidential elector nominee); *Georgia v. Shafer*, No. 1:23-CV-03720-SCJ, ECF No. 4, p. 2 ("Shafer's conduct at the time of the allegations in the Indictment involved his service as a presidential elector nominee . . . ."); *Georgia v. Latham*, No. 1:23-CV-03803-SCJ, ECF No. 4, p. 2 ("At the time of the acts alleged, Latham was a presidential elector nominee for the Republican Party.").)

Mr. Still, Ms. Latham, and Mr. Shafer all filed notices of removal from the Fulton County Superior Court to this Court pursuant to 28 U.S.C. §§ 1442(a) and 1455. (*See* ECF No. 1; *Latham*, ECF No. 1; *Shafer*, ECF No. 1.) Upon review of Mr. Still's Notice of Removal, the Court concluded that summary remand was not necessary based on the face of Mr. Still's Notice. (*See* ECF No. 2.) Pursuant to 28 U.S.C. § 1455(b)(5), the Court scheduled Mr. Still's evidentiary hearing to take place on Monday, September 18, 2023, at 2:00 p.m. (*Id.* at p. 9.) Notably, the Court found that Mr. Still's Notice incorporates many of the arguments made by Mr. Shafer in his Notice of Removal. (*Id.* at p. 3 n.3.)

Likewise, on August 29, 2023, the Court concluded that summary remand was not necessary based on the face of Mr. Shafer's and Ms. Latham's Notices of Removal. (*Shafer*, ECF No. 4; *Latham*, ECF No. 4.) Given the overlap in arguments and evidence and in the interest of judicial economy, the Court ordered that Mr. Shafer's hearing and Ms. Latham's evidentiary hearing be held together on Wednesday, September 20, 2023, at 9:30 a.m. (*Shafer*, ECF No. 4 at pp. 11–12; *Latham*, ECF No. 4 at pp. 10–11.)

## DISCUSSION

### I. Consolidating the Hearings Would Promote Judicial Economy and Preserve the Court's, the Parties', and the State's Time and Resources

The overlap in arguments and evidence between Mr. Still, on the one hand, and Mr. Shafer and Ms. Latham, on the other, is significant. As such, consolidating and conjoining the two hearings is in the interest of judicial economy and will preserve the resources of the Court, the parties, and the State. Of course, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see, e.g.*, *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases.") (quotations omitted).

Here, as the Court has recognized, Mr. Still's Notice incorporates many of the arguments raised by Mr. Shafer and, accordingly, Ms. Latham. (ECF No. 2 at p. 3 n.3; *see Shafer*, ECF No. 4 at pp. 11–12.) Indeed, the bases for Mr. Still's removal are identical to the bases for Mr. Shafer's removal and, in part, the bases for Ms. Latham's removal, as all three defendants are alleged to have engaged in conduct as presidential elector nominees. (*Compare* ECF No. 2, p. 2 (noting that the Indictment charges Mr. Still based on his conduct as a presidential elector nominee), *with Shafer*, ECF No. 4 at p. 2 ("Shafer's conduct at the time of the allegations in the Indictment involved his service as a presidential elector nominee . . . ."), *and Latham*, ECF No. 4, at p. 2 ("At the time of the acts alleged, Latham was a presidential elector nominee for the Republican Party.").) As such, Mr. Still's counsel anticipates that the evidence and arguments pertaining to Mr. Still at his evidentiary hearing will overlap with the evidence and arguments pertaining to Mr. Shafer and Ms. Latham at their evidentiary hearing. In short, conducting two separate hearings would result in the duplication of time, effort, and resources expended by the Court, the Parties, and the State. Finally, counsel for Mr. Shafer and Ms. Latham consent to Mr. Still's request.

Accordingly, in the interest of judicial economy and to preserve the resources of the Parties and the State, Mr. Still requests that the Court consolidate the hearings

and conduct Mr. Still's evidentiary hearing in conjunction with Mr. Shafer and Ms. Latham's evidentiary hearing on September 20, 2023.  *See Isaacs v. Zant*, 709 F.2d 634, 635 n.3 (11th Cir. 1983) (noting that "the management of hearings below are within the discretion of the district court" and that the district court could "consolidate the evidentiary hearing herein ordered with that portion" of a companion case's hearings "dealing with the same issue").

## II.   Consolidating the Hearings Does Not Prejudice the State

In addition, conducting Mr. Still's evidentiary hearing in conjunction with Mr. Shafer and Ms. Latham's evidentiary hearing does not prejudice the State or prosecution.  Indeed, consolidating the two hearings would preserve not only the time and resources of the Court and Defendants, but also those of the State.

## CONCLUSION

Based on the foregoing, Defendant Shawn Still respectfully requests that the Court consolidate and hold Mr. Still's evidentiary hearing together with Mr. Shafer and Ms. Latham's evidentiary hearing on September 20, 2023, at 9:30 a.m.

Respectfully submitted this 8th day of September, 2023.

>    */s/ Thomas D. Bever*
>    Thomas D. Bever
>    Georgia Bar No. 055874
>    W. Cole McFerren
>    Georgia Bar No. 409248
>    SMITH, GAMBRELL & RUSSELL, LLP

1105 W. Peachtree Street, N.E.
Suite 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
tbever@sgrlaw.com
cmcferren@sgrlaw.com

*Counsel for Defendant Shawn Still*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| THE STATE OF GEORGIA | ) | |
| | ) | CRIMINAL CASE NO. |
| Plaintiff, | ) | |
| | ) | 1:23-cv-03792-SCJ |
| v. | ) | |
| | ) | **(Removed from the Superior Court of Fulton County, Criminal Action File No. 23SC188947)** |
| SHAWN STILL | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that on the date set forth below, a true and accurate copy of the foregoing, which has been prepared using 14-point Times New Roman font, was filed electronically with the clerk of the United States District Court for the Northern District of Georgia. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF-registered parties. Parties may access this filing through the Court's CM/ECF system.

This the 8th day of September, 2023.

                                            */s/ Thomas D. Bever*
                                            Thomas D. Bever
                                            Georgia Bar No. 055874
                                            W. Cole McFerren

Georgia Bar No. 409248
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, N.E.
Suite 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
tbever@sgrlaw.com
cmcferren@sgrlaw.com

*Counsel for Defendant Shawn Still*