## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| THE STATE OF GEORGIA | ) | |
| | ) | CIVIL CASE NO. |
| Plaintiff, | ) | 1:23-cv-03792-SCJ |
| | ) | |
| v. | ) | **(Removed from the Superior Court** |
| | ) | **of Fulton County, Criminal Action** |
| SHAWN STILL | ) | **File No. 23SC188947)** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SUPPLEMENTAL BRIEFING

On September 20, 2023, the Court held the evidentiary hearing regarding Defendant Shawn Still's, Defendant David Shafer's, and Defendant Cathy Latham's Notices of Removal.  During the hearing, the Court took under advisement whether to admit Defendants' Exhibits 4 and 5 and provided the State additional time to review and inform the Court of any objections to these Exhibits.  For the reasons discussed below, Defendants ask the Court to admit these Exhibits as self-authenticating documents under Federal Rule of Evidence 902 or, at minimum, take judicial notice of these Exhibits under Federal Rule of Evidence 201.

## BACKGROUND

Defense Exhibit 4 is a six-page excerpt from Volume 107, Part 1 of the 1961 United States Congressional Record (the "Congressional Record") memorializing Congress' counting of Hawaii's electoral ballots during the 1960 presidential election.  Defendants obtained the Congressional Record from the GovInfo website.[1] GovInfo is a "service" provided by the United States Government Publishing Office (the "GPO") and provides "free public access to official publications from all three branches of the Federal Government."[2]  The GPO is a "Federal agency in the legislative branch."[3]

Defense Exhibit 5 is the Complaint, Findings of Fact and Conclusions of Law, and Judgment from the judicial contest in the Circuit Court of the First Judicial Circuit, State of Hawaii, Civil No. 7029, concerning the 1960 presidential election (the "Hawaii Documents").  Defendants obtained the Hawaii Documents from the

---

[1]  The entirety of the January 1961 congressional record is available on GovInfo's website at the following link: https://www.govinfo.gov/app/details/GPO-CRECB-1961-pt1/.

[2]  *See About*, GOVINFO, https://www.govinfo.gov/about#:~:text=GovInfo%20is%20free%20U.S.%20Gove rnment,branches%20of%20the%20Federal%20Government (last visited Sept. 20, 2023).

[3]  *Id.*

Archives of the John F. Kennedy Presidential Library and Museum.[4]  Notably, certain pages of the Complaint contain handwritten annotations in the margins.

During the evidentiary hearing, Defendants tendered Exhibits 4 and 5, and the Court took the matter under advisement.  The Court provided the State until noon on September 21, 2023, to review and advise the Court of any objections to Exhibits 4 and 5.  The Court also appeared to request that Defendants file a version of the Hawaii documents with redactions of the handwritten annotations.

## DISCUSSION

## I.    Exhibit 4: The Congressional Record

As an initial matter, the State has represented to Defendants that it has no objection to the Congressional Record.  Furthermore, the Congressional Record is a self-authenticating document under Federal Rule of Evidence 902(5).  *See, e.g.*, *Gubarev v. Buzzfeed*, 340 F. Supp. 3d 1304, 1309 n.5 (S.D. Fla. 2018) (congressional reports are self-authenticating); *Riverkeeper v. Taylor Energy Co.*, 113 F. Supp. 3d 870, 881 n.52 (E.D. La. 2015) (records from government websites are self-authenticating).  As such, the Court should admit Defense Exhibit 4 into evidence.

---

[4]  The documents are listed on the Library's website:
https://www.jfklibrary.org/asset-viewer/archives/RBJPP.

## II.    Exhibit 5: The Hawaii Documents

During the evidentiary hearing, the State appeared to object to the handwritten annotations in the margins of the Complaint.  However, these written annotations were contained on the version of the Hawaii Documents Defendants received directly from the Library and are not the written annotations of Defendants or their counsel.  Notably, the Library's website states that the copy of the Complaint is annotated by Judge Ronald B. Jamieson.[5]  Furthermore, the Complaint, along with the other Hawaii Documents, are public records available at the Library.  As such, Defendants do not believe it is appropriate to redact the written annotations from the Complaint.[6]

Moreover, the Hawaii Documents are self-authenticating documents under Rule 902(4).  Under Rule 902(4), a copy of an official record is self-authenticating if it is certified as correct by a person authorized to make the certification.  Fed. R. Evid. 902(4).  Here, each of the Hawaii Documents is stamped and signed by the

---

[5]  *Scope and Content Note — Ronald B. Jamieson Personal Papers*, ARCHIVES, JOHN F. KENNEDY PRESIDENTIAL LIBRARY AND MUSEUM, https://www.jfklibrary.org/asset-viewer/archives/RBJPP (last visited Sept. 20, 2023).

[6]  Importantly, only the Complaint contains written annotations.  Therefore, the State's Objection does not apply to the Findings of Fact and Conclusions of Law or the Judgment.

Clerk of the First Circuit Court of the State of Hawaii, certifying that each document is "a full, true and correct copy of the original on file in" the Clerk's office.  Indeed, the first page of the Complaint, the first and last pages of the Findings of Fact and Conclusions of Law, and the first and last pages of the Judgment contain either the Clerk's stamp or signature.   Therefore, the Hawaii Documents are self-authenticating.

Finally, the Court may take judicial notice of the Hawaii Documents under Federal Rule of Evidence 201(b).  Under Rule 201(b), a court may take judicial notice of a fact that is "not subject to reasonable dispute" because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed. Fed. R. Evid. 201(b).  Here, the Hawaii Documents are state court documents containing the stamp and signature of the clerk of court and were obtained from the JFK Presidential Library.  Therefore, the Hawaii Documents "can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed." Fed. R. Evid. 201(b); s*ee U.S. ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents, such as those in state court litigation . . . ."); *City of Jacksonville v. Municipal Elec. Auth. of Ga.*, No. 1:19-CV-3234-MHC, 2019 WL 7819483, at *3 (N.D. Ga. Dec. 19,

2019) ("[T]he Court may take judicial notice of court documents in state court cases

. . . ."); *see also Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456

(7th Cir. 1998) ("Judicial notice of historical documents, documents contained in the

public record, and reports of administrative bodies is proper.").

## CONCLUSION

For the foregoing reasons, the Court should admit these Defense Exhibits 4

and 5 as self-authenticating documents under Federal Rule of Evidence 902 or, at

minimum, take judicial notice of Defense Exhibits 4 and 5 under Federal Rule of

Evidence 201.

Respectfully submitted this 21st day of September, 2023.

> */s/ Thomas D. Bever*
> Thomas D. Bever
> Georgia Bar No. 055874
> W. Cole McFerren
> Georgia Bar No. 409248
> SMITH, GAMBRELL & RUSSELL, LLP
> 1105 W. Peachtree Street, N.E.
> Suite 1000
> Atlanta, GA 30309
> Telephone: (404) 815-3500
> tbever@sgrlaw.com
> cmcferren@sgrlaw.com
>
> *Counsel for Defendant Shawn Still*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

THE STATE OF GEORGIA )
)
     Plaintiff, )    CIVIL CASE NO.
)    1:23-cv-03792-SCJ
v. )
)    **(Removed from the Superior Court**
SHAWN STILL )    **of Fulton County, Criminal Action**
)    **File No. 23SC188947)**
     Defendant. )
)

**CERTIFICATE OF SERVICE**
**AND COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that on the date set forth below, a true and accurate copy of the foregoing, which has been prepared using 14-point Times New Roman font, was filed electronically with the clerk of the United States District Court for the Northern District of Georgia. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF-registered parties. Parties may access this filing through the Court's CM/ECF system.

This the 21st day of September, 2023.

                         */s/ Thomas D. Bever*
                         Thomas D. Bever
                         Georgia Bar No. 055874
                         W. Cole McFerren
                         Georgia Bar No. 409248

SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street, N.E.
Suite 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
tbever@sgrlaw.com
cmcferren@sgrlaw.com

*Counsel for Defendant Shawn Still*